Chief Justice Robertson,
delivered the opinion of the court.
O’Bryan having obtained a judgment in the country against Field, for $49 75 cents debt, and for $2 074 cents costs, Field appealed to the circuit court. The penalty of his appeal bond, being only $102 65 cents, and therefore, “less than double the original debt and costs,” the circuit court, on motion, dismissed the appeal. To reverse that judgment, this writ of error is prosecuted.
The act of 1812, is explicit and peremptory; see 6th section, II Dig. 702. The bond, in this case, is for only $1 less than double the amount of the debt and costs; and doubtless the penalty would be amply sufficient for securing the appellee. But the circuit judge had no discretion left to him by the statute of 1812.
If he could have sustained the bond, merely because its penalty was only a few cents less than that required *366 by the statute, he would have had an equal right to sustain it, if it had contained no penalty.
By act of 1812 the judge has no di-cretion left to him in such cases.
Denny, for plaintiff; Monroe, for defendant.
The legislature thought it expedient to prescribe a penalty, and therefore, that must be the only criterion.
The act of 1828, (session acts, 174,) does not apply. That act was approved on the 12th of February, 1828, and the appeal in this case was dismissed on the 1st of February, 1828. Besides, no offer was made to execute a sufficient bond. If, therefore, without the act of 1828, a bond executed in court, nunc pro tunc would have been good, as such a bond was not offered, the circuit court did right to dismiss the appeal. Nothing had occurred, which could be considered a waiver of objection to the bond.
Judgment affirmed.